IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

BRANDON MCTAGGERT,

    Defendant.

CRIMINAL ACTION NO.:

1:21-CR-189-LMM-JKL

## FINAL REPORT AND RECOMMENDATION

On May 11, 2021, a grand jury seated in this district returned a six-count indictment charging Defendant Brandon McTaggert with conspiracy to distribute and attempt to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count One); four substantive counts of distribution of methamphetamine between October and December 2016, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five); and attempt to distribute methamphetamine on February 6, 2020, in violation of 21 U.S.C. 846 (Count Six). [Doc. 1.] The case is presently before the Court on McTaggert's Motion to Dismiss Indictment for Constitutional Speedy Trial Violation Based on Inordinate Pre-Indictment Delay [Doc. 27] and his Motion to Dismiss Count 1, or Alternatively Excuse the Reference to Attempt [Doc. 28].

For the reasons that follow, it is **RECOMMENDED**, first, that the motion to dismiss for pre-indictment delay be **DENIED**; and second, and that the motion to dismiss Count One or alternatively to strike the reference to attempt be **GRANTED** insofar as the motion seeks to strike the reference to "attempt" in Count One, but **DENIED** to the extent that it seeks dismissal of Count One in its entirety.

## I.     BACKGROUND

According to the government, the charges against McTaggert arise out of his alleged brokering and attempt at brokering methamphetamine sales while incarcerated at two Georgia state prisons between 2016 and 2020.  The government proffers that the evidence produced during discovery in this case shows that McTaggert used contraband cell phones to communicate with customers for illicit drugs and refer them to individuals outside of prison who would sell them methamphetamine on behalf of McTaggert.  [Doc. 32 at 1-2.]

Between October and December 2016, while incarcerated at Ware State Prison, McTaggert allegedly brokered four sales of methamphetamine to an undercover Georgia Bureau of Investigations ("GBI") agent using drug couriers who met the agent.  [Doc. 32 at 1-2.]  One of the couriers, Victor Chavez, was arrested on state drug charges in February 2017; indicted federally on

methamphetamine distribution and weapons charges in December 2017, *see United States v. Victor Alberto Chavez*, No. 1:17-cr-00449-ELR-AJB (N.D. Ga.); and pled guilty to an information, charging him with possession with intent to distribute methamphetamine and a related gun charge, in March 2017, *see United States v. Victor Alberto Chavez*, 1:18-cr-00061-ELR (N.D. Ga.), Dkt. No. 3.  Chavez's plea agreement contains a cooperation agreement.  *Id.*, Dkt. 3-1.

In September 2017, McTaggert was transferred to Hancock State Prison. [Doc. 32 at 2.]  In October 2018, the GBI learned that McTaggert was allegedly still engaged in brokering drug deals from within the prison.  The undercover agent contacted McTaggert to discuss additional drug deals; however, the deals were not completed; and in 2019, the undercover agent stopped communicating with McTaggert.  [*Id.*]

In early 2020, McTaggert allegedly reached out to the undercover agent and offered to supply him with multi-kilogram quantities of methamphetamine.  [Doc. 32 at 3.]  According to the government, on February 6, 2020, McTaggert attempted to arrange a deal for ten kilograms of methamphetamine at a public location in the metro Atlanta area, but later changed the location to an apartment complex. Concerned about officer safety, the undercover agent insisted that the deal occur in

a public place.  McTaggert allegedly attempted to convince the agent to meet at a location that the courier preferred, but the agent refused and ultimately called off the deal.  On February 15, 2020, however, McTaggert allegedly recontacted the agent to discuss whether the agent was still interested in purchasing ten kilograms of methamphetamine.  [*Id.*]

As noted above, on May 11, 2021, McTaggert was indicted.  [Doc. 1.]  On October 4, 2021, he filed a motion to dismiss for pre-indictment delay and a motion to dismiss Count One or, alternative, strike the reference to attempt in Count One.  [Docs. 27, 28.]  The government has filed responses to the motions [Docs. 32 and 33], and McTaggert has filed a reply in support of his motion to dismiss for pre-indictment delay [Doc. 36].  The motions are now ripe for consideration.

## II.   MOTION TO DISMISS FOR PRE-INDICTMENT DELAY

### A.   The Parties' Contentions

McTaggert argues that his "constitutional speedy trial rights have been violated through inordinate pre-indictment delay."  [Doc. 27 at 1.]  He contends the substantive distribution charges are based on actions that occurred in October through December 2016, and that the lapse of time between those events and his May 2021 indictment has prejudiced him because "memories as to the parties and witnesses have been considerably diminished" and "[a]ccess to individuals who

can asset in his defense at this point is likewise much diminished." [*Id.* at 2-3.] He also asserts that the government intentionally delayed indicting him so that it could secure the testimony of Chavez for use against him, and "suspects" that the government used "the delay to obtain agreements from other cooperating sources to testify against [him]." [*Id.*] McTaggert also requests an evidentiary hearing so he can explore his theories. [*Id.*] In terms of a remedy, he asks, first, that the Court either dismiss the indictment in its entirety or, alternatively, dismiss the conspiracy and substantive distribution counts (Counts Two through Five); and second, with respect to the conspiracy and attempt counts (Counts One and Six), preclude the government from presenting evidence at trial regarding events that occurred prior to 2020. [*Id.* at 3-4.]

The government contends that McTaggert's motion should be denied without an evidentiary hearing because he has not made a threshold showing that he was actually prejudiced by any delay in charging him in this case or that the government purposefully delayed indicting him to gain a tactical advantage. [Doc. 32.] With regard to prejudice, the government argues that McTaggert's assertion that the passage of time has either hampered witness access or dimmed the memories of potential witnesses is too speculative to demonstrate actual prejudice.

5

[*Id.* at 4-5.]  The government also argues that it had no deliberate design to gain a tactical advantage, pointing out that Chavez was initially investigated, arrested, and charged by a state agency (not the federal government); that McTaggert has no actual evidence to support his position, and can do no more than speculate that Chavez has testimony that the government used or intends to use against him; and that McTaggert himself continued to engage in criminal conduct even after Chavez's participation had ended with his guilty plea, which resulted in further delay indicting McTaggert.  [*Id.* at 6-7.]

McTaggert has filed a reply in which he largely reiterates his initial arguments that he has been prejudiced by the delay, that the government used the delay to obtain Chavez's cooperation, and that he needs an evidentiary hearing to establish the tactical advantage that the government obtained.  [Doc. 36.]

**B.    Discussion**

To establish a due process violation based on the government's delay in bringing an indictment, even where, as here, it was filed within the applicable statute of limitations,[1] a defendant must "establish both (1) that the delay actually

---

[1] Each of the charges in this case is subject to a five-year statute of limitations.  *See* 18 U.S.C. § 3282(a); *United States v. Arnold*, 117 F.3d 1308, 1313

prejudiced his defense and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him."[2]  *United States v. Farias*, 836 F.3d 1315, 1325 (11th Cir. 2016); *see also United States v. Wetherald*, 636 F.3d 1315 (11th Cir. 2011) (quoting *United States v. Lindstrom*, 698 F.2d 1154, 1157 (11th Cir. 1983)).  "This standard is 'an exceedingly high one.'"  *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986) (quoting *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984)).  Absent a prima facie showing that the defendant was actually prejudiced by the delay in charging him and that the government purposefully delayed to gain a tactical advantage, an evidentiary hearing on pre-indictment delay is not warranted.  *See Farias*, 836 F.3d at 1325 (citations omitted) (holding that a defendant was not entitled to evidentiary hearing on a claim of pre-indictment delay where "he failed to set forth any specific allegations in support of it").

---

(11th Cir. 1997).  There is no dispute that the statute of limitations does not bar McTaggert's prosecution in this case.

[2] McTaggert argues that the government committed a "speedy trial violation." [*see* Doc. 27 at 1. ]  An accused's right to a speedy trial, which is guaranteed by the sixth amendment, "applies only after a defendant has been arrested, charged, or indicted." *United States v. Butler*, 792 F.2d 1528, 1533 (11th Cir. 1986).  "Because the delay alleged in this case occurred prior to indictment, the sixth amendment is inapplicable." *Id.*  McTaggert's assertion of pre-indictment delay instead implicates the due process clause of the fifth amendment. *Id.*

As to prejudice, "[w]hen a defendant asserts prejudice because of the loss of evidence, he must show that the loss impaired his ability to provide a meaningful defense." *United States v. Solomon*, 686 F.2d 863, 872 (11th Cir. 1982). The Court applies "a stringent standard . . . when examining the issue of prejudice," *United States v. Barragan*, 752 F. App'x 799, 801 (11th Cir. 2018) (quoting *United States v. LeQuire*, 943 F.2d 1554, 1560 (11th Cir. 1991)) (alteration adopted), and "[a]ctual prejudice and not merely the real possibility of prejudice inherent in any extended delay, must be demonstrated," *id.* (quoting *Stoner v. Graddick*, 751 F.2d 1535, 1544 (11th Cir. 1985)) (alteration adopted; internal quotation marks omitted).[3] "Thus, a 'general allegation of loss of witnesses and failure of memories is insufficient to demonstrate the actual prejudice required . . . .'" *Id.* (quoting *United States v. Radue*, 707 F.2d 493, 495 (11th Cir. 1983)) (alteration adopted). Instead, a defendant must "demonstrate that the evidence thereby lost could not be obtained through other means." *United States v. Corbin*, 734 F.2d 643, 648 (11th Cir. 1984).

---

[3] This is because "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee, against bringing overly stale criminal charges.'" *United States v. Lovasco*, 431 U.S. 783, 789 (1977).

Applying these principles here, the Court readily concludes that McTaggert has not met his burden to show actual prejudice. His generalized contentions—that he has suffered prejudice because memories have dimmed over time and that his access to potential witnesses has diminished—are insufficient to establish his burden to make a prima facie showing sufficient to warrant an evidentiary hearing. *See United States v. Munoz*, No. 1:18-CR-234-TWT-JKL-5, 2020 WL 4484510, at *3 (N.D. Ga. Feb. 11, 2020) (finding that defendant's generalized contention that witnesses may be difficult to locate or that memories will have faded with time was too speculative to demonstrate actual prejudice), *report and recommendation adopted*, 2020 WL 4464632 (N.D. Ga. Aug. 4, 2020); *see also United States v. Spurlin*, No. 1:13-CR-304-TWT-JKL-4, 2018 WL 1702351, at *3 (N.D. Ga. Feb. 27, 2018) (finding that defendant's "abstract concern that memories may have faded over time does not provide a basis for finding actual prejudice" where defendant failed to "specify what evidentiary gaps might arise due to witness's inability to recall events from years past"), *report and recommendation adopted*, 2018 WL 1697445 (N.D. Ga. Apr. 6, 2018); *United States v. Sanders*, No. 3:15-CR-00010-TCB, 2015 WL 6684746, at *8 (N.D. Ga. Oct. 29, 2015) (stating that "speculative allegations, such as general allegation of loss of witnesses and failure

9

of memories, are insufficient to demonstrate . . . actual prejudice" (citation omitted)), *report and recommendation adopted*, *id.* at \*3. Indeed, his motion is devoid of any explanation about what memories have supposedly faded or the identity of a single witness that he has been unable to identity or contact.

Nevertheless, in his reply, McTaggert cites *United States v. Ingram* to urge the Court to presume that he has been prejudiced due to the gap in time between his alleged conduct in 2016 and the return of the indictment. [Doc. 36 at 2 (citing *Ingram*, 446 F.3d 1332 (11th Cir. 2006)).] *Ingram* is inapposite, however, as that case dealt with post-indictment delay—a delay that triggers the sixth amendment right to a speedy trial and is analyzed under an entirely different standard. *See Munoz*, 2020 WL 4484510, at \*4 (rejecting identical argument relying on *Ingram*). And while the Eleventh Circuit in *Ingram* recognized that, under some circumstances, an inordinate pre-indictment delay may be relevant in determining whether a defendant's constitutional right to a speedy trial has been violated, the Circuit did so within the prism of a sixth amendment speedy trial analysis, and not the due process analysis presently before the Court. *Ingram*, 446 F.3d at 1339. Here, McTaggert asks for dismissal based solely on pre-indictment delay, and, thus, the sixth amendment right to a speedy trial is not implicated. *See Lovasco*, 431

U.S. at 788 (stating that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [pre-indictment] delay is wholly irrelevant") (citing *United States v. Marion*, 404 U.S. 307 (1971)).   Accordingly, this Court is bound by existing precedent, which requires McTaggert to show actual prejudice—a showing that he has not made.

Because McTaggert has not shown actual prejudice, the Court's analysis need not go further.  *See Corbin*, 734 F.2d at 647-48 (declining to reach the question of whether pre-indictment delay was intended to gain tactical advantage where defendants failed to show actual prejudice by delay).   Accordingly, it is **RECOMMENDED** that McTaggert's motion to dismiss for pre-indictment delay be **DENIED**.

## III.   MOTION TO DISMISS OR PARTIALLY STRIKE COUNT ONE

McTaggert also moves to dismiss the conspiracy charge in Count One, or alternatively, strike the portion of the charge that references an attempt.  [Doc. 28.] He argues that the conspiracy charge's allegation that he conspired to attempt to distribute methamphetamine is nonsensical because he is "unaware of how one can conspire to attempt to commit a crime."  [*Id.* at 2.]  In response, the government concedes that the reference to "attempt" should be stricken from Count One in light of the former Fifth Circuit's holding in *United States v. Meacham*, 626 F.2d 503,

507-09 (5th Cir. 1980) (holding that 21 U.S.C. § 846 does not "authorize conspiracy-to-attempt prosecutions").[4]  [Doc. 33.]   The government otherwise opposes dismissal of Count One in its entirety.  McTaggert has not filed a reply.

In view of the government's concession, it is **RECOMMENDED** that McTaggert's motion be **GRANTED** to the extent that it seeks to strike the phrase "and attempt to distribute" from the conspiracy charge in Count One of the indictment.  Because striking this language from Count One provides McTaggert with an appropriate remedy, his motion to dismiss Count One in its entirety should be **DENIED**.

## IV.   CONCLUSION

For the reasons explained above it is **RECOMMENDED** that McTaggert's motion to dismiss for pre-indictment delay [Doc. 27] be **DENIED** and that the motion to dismiss Count One or alternatively to strike the reference to attempt [Doc. 28] be **GRANTED** insofar as the motion seeks to strike the reference to an "attempt" in Count 1, but that the motion be **DENIED** to the extent that it seeks dismissal of Count One in its entirety.

---

[4] Decisions of the Fifth Circuit issued on or before September 30, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

12

There are no further motions pending before me, and I am not aware of any impediments to the scheduling of a trial.  Accordingly, this case is **CERTIFIED READY FOR TRIAL**.

    **IT IS SO RECOMMENDED** this 5th day of January, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge

13