IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:21-cr-00189-LMM-JKL-1 |
| BRANDON MCTAGGERT, | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), Dkt. No. [38], recommending that Defendant's Motion to Dismiss Indictment for Constitutional Speedy Trial Violation Based on Inordinate Pre-Indictment Delay, Dkt. No. [27], be denied, and that Defendant's Motion to Dismiss Count 1, or Alternatively, Motion to Excise the Reference to Attempt, Dkt. No. [28], be granted in part and denied in part. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R only as to the recommendation to deny the motion to dismiss for pre-indictment delay. Dkt. No. [43]. After due consideration, the Court enters the following Order.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files

objections to the R&R, however, the undersigned must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). Thus, the undersigned will review the Magistrate Judge's challenged recommendations on a de novo basis and review the remainder of the R&R for clear error. 28 U.S.C. § 636(b)(1).

## II.  DEFENDANT'S MOTION TO DISMISS COUNT 1, OR ALTERNATIVELY, MOTION TO EXCISE THE REFERENCE TO ATTEMPT

Defendant is charged in Count One of the indictment with conspiracy to distribute and attempt to distribute methamphetamine in violation of 21 U.S.C. § 846. Dkt. No. [1]. Defendant filed a motion to dismiss Count One outright, or, in the alternative, to excise the reference to attempted conspiracy. Dkt. No. [28]. The Magistrate Judge recommended granting the motion to the extent that it seeks to strike the phrase "and attempt to distribute" from the conspiracy charge in Count One of the indictment. Dkt. No. [38] at 12.

No objections have been filed in response to this portion of the Magistrate Judge's R&R. Dkt. No. [43] at 1. Therefore, the Court has reviewed this portion of the Magistrate Judge's R&R for clear error and finds none. Accordingly, the Court **ADOPTS** the recommendation as its opinion: Defendant's Motion to Dismiss Count 1, or Alternatively, Motion to Excise the Reference to Attempt, Dkt. No. [28], is **GRANTED** so far as the motion seeks to strike the reference to an "attempt" in Count One but is **DENIED** to the extent that it seeks dismissal of Count One in its entirety.

### III. MOTION TO DISMISS INDICTMENT FOR CONSTITUTIONAL SPEEDY TRIAL VIOLATION BASED ON INORDINATE PRE-INDICTMENT DELAY

#### A. Background

On May 11, 2021, a grand jury seated in this district returned a six-count indictment charging Defendant with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count One)[1]; four substantive counts of distribution of methamphetamine between October and December 2016, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Five); and one substantive count of attempt to distribute methamphetamine on February 6, 2020, in violation of 21 U.S.C. § 846 (Count Six). Dkt. No. [1].

Defendant seeks dismissal of the indictment on grounds that "inordinate delay" in indicting the conduct allegedly taking place in 2016 violated his due-process rights; the "essential substance of the indictment centers over the year 2016"; and Count Six is "part and parcel (and indeed alleged as part of a continuing conspiracy) of the earlier pattern of alleged distributions." Dkt. No. [27] at 2-4. He asks in the alternative that Counts Two through Five be dismissed and that the Government be precluded from presenting pre-2020 evidence as to any substantive counts. Id. at 4.

Defendant acknowledges that in order to establish a due-process violation resulting from excessive pre-indictment delay, he must (1) show actual prejudice,

---

[1] To be clear, Count One also included a charge for attempted conspiracy, which the Court dismissed in the section immediately above. See supra Part II.

3

and (2) show that the Government caused the delay intentionally, for the purposes of gaining a tactical advantage. Dkt. No. [27] at 2. As to the first prong, Defendant argues that he sustained prejudice because memories fade and access to witnesses who could aid in his defense has been "considerably diminished" with the lapse of time. Id. at 2-3. As to his obligation to show that the delay was intentionally and tactically based, he asserts that he has reason to believe that the Government delayed his indictment in order to buy time to prosecute his alleged co-conspirator "Chavez" and develop Chavez's potential testimony against Defendant. Id. at 3. In his reply brief, Defendant additionally urges that under Eleventh Circuit precedent, prejudice should be presumed based on the length of time that passed between the alleged conduct and the indictment, Dkt. No. [36] at 2 (citing United States v. Ingram, 446 F.3d 1332, 1339 (11th Cir. 2006)), and that he is entitled to a hearing on his motion to dismiss simply because he requested one, id. at 3 (citing United States v. Dunn, 345 F.3d 1285, 1294-95 (11th Cir. 2003)).

In the R&R, the Magistrate Judge recommended denying both the request for a hearing and the motion to dismiss on grounds that Defendant had not made even a prima facie showing of prejudice. Dkt. No. [38]. The Magistrate Judge additionally explained that Ingram did not support an inference of prejudice because that case dealt with post-indictment delay, which triggers the Sixth Amendment right to a speedy trial and is analyzed under an entirely different

standard from that applied to a motion to dismiss on grounds of pre-indictment delay. Id. at 10-11.

Defendant filed objections to the R&R. Dkt. No. [43]. While he concedes that a general allegation that a lapse of time results in diminished memories and reduced access to witnesses is not sufficient to establish prejudice, he argues that he has made a threshold showing of prejudice by explaining that because Chavez was charged first and apparently reached a cooperation agreement with the Government, Defendant now must frame a defense rebutting the testimony Chavez is anticipated to offer at trial. Id. at 2. He additionally contends that the Magistrate Judge oversimplified the impact of Ingram and Doggett v. United States, 505 U.S. 647 (1992), the case upon which Ingram largely relied, and that the Court should apply Ingram to find that Defendant has established presumptive prejudice. Id. at 3-5. On these grounds, he contends that he has made the prima facie showing necessary to establish his entitlement to at least a hearing on his motion to dismiss.

### B. Discussion

The Court first considers Defendant's argument regarding Ingram and the principle of presumptive prejudice. It then considers the argument that Chavez's anticipated testimony constitutes a sufficient showing of prejudice.

#### 1. *Presumptive Prejudice*

It first bears noting that although Defendant references a "speedy trial" violation in the title of his motion, an accused's right to a speedy trial, which is

guaranteed by the Sixth Amendment to the United States Constitution, "applies only after a defendant has been arrested, charged, or indicted." United States v. Butler, 792 F.2d 1528, 1533 (11th Cir. 1986); accord Ingram, 446 F.3d at 1339 ("Only pretrial delay following a person's arrest, charge, or indictment is relevant to whether the Speedy Trial Clause of the Sixth Amendment is triggered."). Assertion of a pre-indictment delay instead implicates the due-process clause of the Fifth Amendment. Butler, 792 F.2d at 1533.

The statute of limitations is the principal device that protects against prejudice arising from a lapse of time between the commission of a crime and an indictment or arrest. Stoner v. Graddick, 751 F.2d 1535, 1540 (11th Cir. 1985). In certain circumstances, however, pre-indictment delay can violate a defendant's due-process rights even where the defendant was indicted within the statute of limitations. United States v. Lovasco, 431 U.S. 783, 789 (1977); Stoner, 751 F.2d at 1541.

As the Magistrate Judge explained in the R&R, to establish a due-process violation based on the Government's delay in bringing a statutorily timely indictment, a defendant must "establish both (1) that the delay actually prejudiced his defense, and (2) that it resulted from a deliberate design by the government to gain a tactical advantage over him." United States v. Farias, 836 F.3d 1315, 1325 (11th Cir. 2016); accord United States v. Wetherald, 636 F.3d 1315, 1324 (11th Cir. 2011)). "This standard is 'an exceedingly high one.'" United States v. Butler, 792 F.2d 1528, 1533 (11th Cir. 1986) (quoting Tiemens v. United

States, 724 F.2d 928, 929 (11th Cir. 1984)); accord United States v. Barragan, 752 F. App'x 799, 801 (11th Cir. Oct. 11, 2018) (noting that "'a stringent standard is employed when examining the issue of prejudice'" allegedly caused by a delayed indictment (quoting United States v. LeQuire, 943 F.2d 1554, 1560 (11th Cir. 1991)). "'[A]ctual prejudice and not merely "the real possibility of prejudice inherent in any extended delay," must be demonstrated.'" Barragan, 752 F. App'x at 801 (quoting Stoner v. Graddick, 751 F.2d 1535, 1544 (11th Cir. 1985); alteration in Stoner). This is because "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges.'" United States v. Lovasco, 431 U.S. 783, 789 (1977). Absent a prima facie showing that the defendant was actually prejudiced by the delay in charging him and that the government purposefully delayed to gain a tactical advantage, an evidentiary hearing on pre-indictment delay is not warranted. See Farias, 836 F.3d at 1325 (holding that a defendant was not entitled to evidentiary hearing on a claim of pre-indictment delay where "he failed to set forth any specific allegations in support of it").

Defendant points out that in Ingram, the court "sp[oke] of presumed prejudice" and noted that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Dkt. No. [43] at 3 (citing Ingram, 446 F.3d at 1339, which in turn cited Doggett, 505 U.S. at 655). Defendant then suggests that that the Ingram court

7

applied the concept of presumed prejudice to a Fifth Amendment due-process claim. See id. at 4 & n.1 (arguing that "nothing in Ingram indicates that presumed prejudice . . . has no place" in the Fifth Amendment due-process analysis).

This argument overreaches. The Ingram court discussed the concept of presumed prejudice not in the context of a pre-indictment delay but instead in analyzing a claim that post-indictment delay constituted a Sixth Amendment speedy-trial violation. Ingram, 446 F.3d at 1336-39. An alleged Sixth Amendment speedy-trial violation was likewise at issue in Doggett. See Doggett, 505 U.S. at 651-58. As the Magistrate Judge aptly noted in the R&R, a Sixth Amendment speedy-trial claim is analyzed under an entirely different standard from that applied to a Fifth Amendment due-process claim.[2] Dkt. No. [38]; compare Ingram, 446 F.3d at 1336 with Farias, 836 F.3d at 1325; see also United States v. Marion, 404 U.S 307, 321 (1971) (declining to extend the reach of the Sixth

---

[2] In analyzing whether a defendant's Sixth Amendment right to a speedy trial has been violated, the court must first consider whether the defendant "allege[d] that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Ingram, 446 F.3d at 1336 (quoting Doggett, 505 U.S. 651-52). If the defendant makes this showing, the court then considers (1) the reason for the delay, (2) the defendant's assertion of the speedy-trial right, and (3) the prejudice to the defendant. Id. In the Sixth Amendment context, "[d]elays exceeding one year are generally found to be 'presumptively prejudicial.'" Id. (quoting Doggett, 505 U.S. 652 n.1). If the defendant establishes a length of delay that is presumptively prejudicial and the reason for the delay and the defendant's assertion of the speedy-trial right weigh heavily against the Government, the defendant need not show actual prejudice to succeed on his claim. Id. It is only after the Sixth Amendment speedy-trial analysis is triggered that the court may "consider inordinate pre-indictment delay in determining show heavily post-indictment delay weighs against the Government. Id. at 1339.

Amendment to the period prior to arrest because "[u]ntil [an arrest] occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer").

It is true that the Ingram opinion also addressed a Fifth Amendment due-process claim of excessive pre-indictment delay. See Ingram, 446 F.3d at 1336 n.2. However, the prejudice element played no part in the court's analysis. Id. Instead, the court found simply that because the defendant could not establish the second element—that the government had intentionally created the delay for its tactical advantage—he could not establish that the pre-indictment delay violated his Fifth Amendment due-process rights. Id. Thus, nothing in Ingram suggests that presumed prejudice has any place in Fifth Amendment due-process analysis.

For these reasons, the undersigned concludes that the Magistrate Judge did not err in concluding that Ingram is inapposite, and the objection is **OVERRULED**.

### 2. *Chavez Testimony*

The Court also finds no error arising from the absence of a finding in the R&R that Defendant made a threshold showing of prejudice by alleging that Chavez was charged first, apparently reached a cooperation agreement, and may testify against Defendant at trial. See Dkt. No. [43] at 2. Delaying indictment in order to secure a witness who is expected to bolster the case is a valid reason to

9

delay an indictment. United States v. Diaz, 846 Fed. Appx. 846, 850-51 (11th Cir. Feb. 24, 2021); see also United States v. Crouch, 84 F.3d 1497, 1514 n.23 (5th Cir. 1996) (explaining that it would be improper to delay indictment for the purpose of causing evidence favorable to the defendant to become unavailable but that "delay to affirmatively strengthen the government's case—such as delay until a potential witness for the government becomes available by reason of a plea bargain or the like—" does not qualify as "[i]ntentional delay for the purpose of gaining tactical advantage."); cf. Lovasco, 431 U.S. at 795 (finding it within a prosecutor's prerogative to "refuse[] to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt").

The sole factual basis for Defendant's motion to dismiss is his allegation that the Government delayed his indictment in order to secure Chavez's testimony—in essence, to bolster its case. Thus, Defendant cannot show that the delay of indictment violated his due process rights, and this objection is also **OVERRULED**.

## IV.  CONCLUSION

The Magistrate Judge's R&R, Dkt. No. [38] is **ADOPTED** as the Order of this Court, and Defendant's objections are **OVERRULED**. Defendant's Motion to Dismiss Indictment for Constitutional Speedy Trial Violation Based on Inordinate Pre-Indictment Delay, Dkt. No. [27], is **DENIED**. Defendant's Motion to Dismiss Count 1, or Alternatively, Motion to Excise the Reference to Attempt,

Dkt. No. [28], is **GRANTED** so far as the motion seeks to strike the reference to an "attempt" in Count One but is **DENIED** to the extent that it seeks dismissal of Count One in its entirety.

    **IT IS SO ORDERED** this 22nd day of March, 2022.

                              **Leigh Martin May**
                              **United States District Judge**